THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00041-MR-DCK

THOSE CERTAIN UNDERWRITERS )
AT LLOYD'S, LONDON, )
subscribing to Certificate No. 492252, )
 )
          Plaintiffs, )
 )
  vs. ) **O R D E R**
 )
MEDICAL FUSION, LLC, a North )
Carolina limited liability company; )
SUPERIOR HEALTHCARE PHYSICAL )
MEDICINE OF HENDERSONVILLE, )
PC, a dissolved North Carolina )
professional corporation; JEFFERY )
G. HEDGES, D.C.; and ANDREW )
WELLS, D.C., )
 )
          Defendants. )
_____ )

**THIS MATTER** is before the Court on Defendant Andrew Wells' "Motion to Stay and in the Alternative to Dismiss Without Prejudice." [Doc. 16].

**I.    BACKGROUND**

This insurance coverage dispute arises out of a *qui tam* action, <u>United States ex. rel Pitts v. Dr. Jeffrey G. Hedges, et al.</u>, 5:16-cv-00127 (E.D.N.C.) ("The underlying case"), currently pending in the Eastern District of North

Carolina filed in 2016. In the underlying case, Dr. Venus Pitts and the United States sued Defendants in this case, Jeffery G. Hedges, Andrew Wells, and Medical Fusion, LLC, along with other individuals and organizations not named in this lawsuit. The premise of the *qui tam* action is based on alleged submission of false or fraudulent claims to Medicare that occurred from approximately 2013 to 2017 in violation of the False Claims Act. [Doc. 1-2 at 2].

The Plaintiff in this case, Those Certain Underwriters at Lloyd's, London, subscribing to Certificate No. 492252 ("Lloyd's London"), issued Certificate No. 492252, an insurance policy ("the Policy"), to Superior Healthcare Physical Medicine of Hendersonville, PC, ("Superior Hendersonville") as the "Named Insured" for the period of January 11, 2017 until January 11, 2018. [Doc. 1-1 at 3]. Medical Fusion, LLC was an "Additional Insured" under the Policy while acting on behalf of or directed by Superior Hendersonville. [Id. at 43]. Furthermore, the Policy also applies to "any past, present, or future executive, trustee, physician or employee of the Named Insured or Subsidiary, but only while acting solely within the scope of his or her duties as such." [Id. at 12].

Importantly, for the basis this case, the Policy covers certain billing errors in *qui tam* actions, [Id. at 13] but excludes certain actions based on

2

wrongful acts of which any of the insured had knowledge prior to the date of the Policy, as well as, fraudulent acts or omissions. [Id. at 26-27].

On February 10, 2020, Lloyd's London initiated this action for declaratory judgment seeking a declaration from the Court that Lloyd's London has no obligation to defend or indemnify the Defendants in the underlying case as it is not covered by the policy.[1] [Doc. 1]. On April 7, 2020, Defendant Andrew Wells ("Defendant Wells") filed the instant Motion to Stay or in the Alterative to Dismiss Without Prejudice. [Doc. 16]. Lloyd's London opposes the Motion. [Doc. 23].

## II. STANDARD OF REVIEW

The Federal Declaratory Judgment Act, 28 U.S.C. § 2201, provides the Court with the discretion to determine whether to proceed with a declaratory judgment action. Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995). The Fourth Circuit has stated that a declaratory judgment action is appropriate "when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 256 (4th Cir. 1996) (quoting

---

[1] The Plaintiff filed a sperate action related to the same qui tam action seeking declaratory judgment regarding another insurance policy. That proceeding is addressed separately.

Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937)) (internal quotation marks omitted). However, a declaratory judgment "should not be used 'to try a controversy by piecemeal, or to try particular issues without settling the entire controversy, or to interfere with an action which has already been instituted.'" Id. at 256-57 (quoting Quarles, 92 F.2d at 325).

A court has the inherent authority to stay proceedings of a case, which is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). The determination of whether to grant a motion to stay requires a balancing "of various factors relevant to the expeditious and comprehensive disposition of the cases of action on the court's docket." United States v. Georgia Pac. Corp., 562 F.2d 294, 296 (4th Cir. 1977). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." Williford v. Armstrong World Indus., Inc., 715 F.2d 124, 127 (4th Cir. 1983).

### III. DISCUSSION

Defendant Wells moves for this Court to grant a stay, or in the alternative to dismiss without prejudice the actions based on the duty to defend and the duty to indemnify. [Doc. 16]. A court may grant a stay if upon

4

balancing the competing interests of the parties the court concludes that the moving party has justified the stay. Williford, 715 F.2d at 127. Key to the determination of whether to grant a stay is whether the entire controversy can be adjudicated before the underlying ligation is resolved. Centennial Life Ins., 88 F.3d at 256-57; Pennsylvania Mfrs. Indem. Co. v. Air Power, Inc., No. 1:13-cv-00217, 2014 WL 1513966, at *8 (M.D.N.C. Apr. 16, 2014). Therefore, in determining whether to stay the case the Court will consider if the duty to defend or the duty to indemnify can be determined prior to an adjudication on the merits in the underlying case. As the determination of whether an insurer has a duty to defend is separate from a determination of whether an insurer has a duty to indemnify, the Court will address each in turn. See Harleysville Mut. Ins. Co. v. Buzz Off Insect Shield, L.L.C., 364 N.C. 1, 6-7, 692 S.E.2d 605, 610-11 (2010).

  A. *The Duty to Defend*

  The parties agree that North Carolina Law applies to Lloyd's London's claims. In North Carolina, the duty to defend is broader than the duty to indemnify. Harleysville Mut. Ins., 364 N.C. at 6, 692 S.E.2d at 610; Waste Mgmt. of Carolinas, Inc. v. Peerless Ins. Co., 315 N.C. 688, 690–91, 340 S.E.2d 374, 377 (1986). "An insurer's duty to defend is ordinarily measured by the facts as alleged in the pleadings; its duty to pay is measured by the

5

facts ultimately determined at trial." Waste Mgmt. of Carolinas, 315 N.C. 688 at 691, 340 S.E.2d at 377. The duty to defend exists whenever the allegations indicate a potential that liability will be established within the insurance coverage. Harleysville Mut. Ins., 364 N.C. at 7, 692 S.E.2d at 611. If the underlying complaint includes both covered and noncovered claims the insurer must defend against all of the claims in the underlying lawsuit. Bruce-Terminix Co. v. Zurich Ins. Co., 130 N.C. App. 729, 735, 504 S.E.2d 574, 578 (1998).

In North Carolina, the insured's duty to defend is a question of law which can be determined by the court prior to the resolution of the underlying lawsuit. Great W. Cas. Co. v. Packaging Corp. of Am., 444 F. Supp. 3d 664, 673 (M.D.N.C. 2020). In determining if there is a duty to defend, the "facts as *alleged in the complaint* are to be taken as true and compared to the language of the insurance policy." Harleysville Mut. Ins., 364 N.C. at 7, 692 S.E.2d at 611 (emphasis added). Furthermore, if "the insurer knows or could reasonably ascertain facts that, if proven, would be covered by its policy, the duty to defend is not dismissed because the facts alleged in a third-party complaint appear to be outside coverage, or within a policy exception to coverage." Waste Mgmt. of Carolinas, 315 N.C. at 691, 340 S.E.2d at 377. Therefore, the Court can use the facts in the present lawsuit, along with

complaint from the underlying suit, to determine if there is a duty to defend. See id. As such, the Court need not wait until the resolution of the underlying case before determining whether Lloyd's London has a duty to defend.[2]

### B. The Duty to Indemnify

On the other hand, in determining if there is a duty to indemnify, "the facts as determined at trial are compared to the language of the insurance policy." Harleysville Mut. Ins, 364 N.C. at 7, 692 S.E.2d at 611. Therefore, the Fourth Circuit has found that "suits about the duty to indemnify—unlike the duty-to-defend suits—would ordinarily be advisory when the insured's liability remains undetermined." Trustgard Ins. Co. v. Collins, 942 F.3d 195, 200 (4th Cir. 2019). The duty to indemnify can only be resolved before the completion of the underlying case if no necessary facts remain in dispute. Harleysville Mut. Ins. Co., 364 N.C. at 7, 692 S.E.2d at 611; Great W. Cas., 444 F. Supp. 3d at 674.

In this case the underlying case is still pending. Lloyd's London argues that there is no duty to indemnify in the underlying case because the Named Insured in the underlying case, Superior Hendersonville, is alleged to be "nothing more than a front" for Defendants Hedges and Wells and, therefore,

---

[2] At this point on the motion to stay or dismiss, the Court expresses no opinion on whether the duty to defend exists and only holds that it is not necessary to stay or dismiss the claim at this point.

7

Case 1:20-cv-00041-MR   Document 27   Filed 10/13/20   Page 7 of 9

the requirement under the insurance policy that only the Named Insured and those acting "solely on behalf of, or at the direction of the Named Insured" are covered is not satisfied. [Doc. 1 at 13]. The Defendants disagree. [Doc. 15 at 14] [Doc. 24 at 12]. Of relevance the parties also disagree as to whether the Defendants knowingly committed a wrongful act or acted intentionally or fraudulently. [Doc. 26 at 2]. However, this is precisely a subject of the underlying case. If the fact finder in the underlying case determines that there was no fraud, then the duty to indemnify would still exist on behalf of Lloyd's London. [Doc. 1 at 15-16] [Doc. 15 at 15-16] [Doc. 24 at 13-14]. Therefore, rather than have the parties continue to litigate what may be a moot issue and what is already being litigated in another court, the Court will stay Lloyd's London's duty to indemnify claim.

## ORDER

**IT IS, THEREFORE, ORDERED,** that Defendant Wells' Motion to Stay or in the Alternative to Dismiss Without Prejudice [Doc. 16] is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **GRANTED** with respect to the Lloyd's London's action for whether there is a duty to indemnify under the Policy. The Motion is **DENIED** regarding the remaining claims.

All proceedings regarding whether there is a duty to indemnify are **STAYED** pending the outcome of the underlying action. The parties are

**DIRECTED** to file no later than 40 days after such time the underlying action has been fully resolved, whether by settlement or trial and any appeal of the same, a status report to the court at which time the stay shall be lifted.

**IT IS SO ORDERED.**

Signed: October 13, 2020

Martin Reidinger
Chief United States District Judge