IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00041-MR

| | |
|---|---|
| THOSE CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, subscribing to Certificate No. 492252,<br><br>Plaintiff,<br><br>vs.<br><br>MEDICAL FUSION, LLC, a North Carolina limited liability company; SUPERIOR HEALTHCARE PHYSICAL MEDICINE OF HENDERSONVILLE, PC, a dissolved North Carolina professional corporation; JEFFREY G. HEDGES, D.C.; and ANDREW WELLS, D.C.,<br><br>Defendants. | **ORDER AND DEFAULT JUDGMENT** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Default Judgment as to Defendant Medical Fusion, LLC [Doc. 64].

**I.     PROCEDURAL BACKGROUND**

On February 10, 2020, the Plaintiff filed this action seeking declaratory relief against Defendants Medical Fusion, LLC (the "Defaulting Defendant" or "Medical Fusion"), Superior Healthcare Physical Medicine of Hendersonville ("Superior Healthcare"), Jeffrey G. Hedges, D.C. ("Hedges"),

and Andrew Wells, D.C. ("Wells"). [Doc. 1]. Summons were issued and served against the Defaulting Defendant on February 11, 2023. [Doc. 5, 14-2].

On January 19, 2024, the Plaintiff moved for entry of default against the Defaulting Defendant for failure to answer or otherwise plead in response to the Plaintiff's Complaint. [Doc. 59]. On January 23, 2024, pursuant to Federal Rule of Civil Procedure 55(a), the Clerk entered default against the Defendant. [Doc. 61].

The claims having been resolved against all other parties, the Plaintiff now moves pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure for default judgment against Medical Fusion, LLC, seeking the following relief: (1) a declaration that the allegations of the Plaintiff's Complaint are admitted as to the Defaulting Defendant; (2) that the allegations contained in the Government's Intervention Complaint do not trigger a duty to defend or indemnify the Defaulting Defendant under the subject policy; and (3) a declaration that the subject policy is rescinded, null, and void *ab initio* as to the Defaulting Defendant.

## II. STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default when "a party against whom a judgment for affirmative relief is

sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Once a defendant has been defaulted, the plaintiff may then seek a default judgment. If the plaintiff's claim is for a sum certain or can be made certain by computation, the Clerk of Court may enter the default judgment. Fed. R. Civ. P. 55(b)(1). In all other cases, the plaintiff must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b)(2).

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact." Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) (quoting Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). A defendant, however, "is not held . . . to admit conclusions of law." Ryan, 253 F.3d at 780 (quoting Nishimatsu, 515 F.2d at 1206). The Court therefore must determine whether the facts as alleged state a claim for relief. GlobalSantaFe Corp. v. Globalsantafe.com, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003).

## III. PLAINTIFF'S FACTUAL ALLEGATIONS

The well-pleaded factual allegations of the Plaintiff's Complaint having been deemed admitted by virtue of the Defendant Medical Fusion's default, the following is a summary of the relevant facts.

The Plaintiff subscribes to the insurance certificate at issue in this action, Certificate No. 492252. [Doc. 1 at ¶ 3]. The Defendants sought

coverage under the insurance policy underwritten by the Plaintiff, in connection with a *qui tam* action filed by the United States ("the Government") against Defendants Hedges, Wells, and the Defaulting Defendant Medical Fusion. [Id. at ¶¶ 9, 28]. The Government alleges in its Complaint in Intervention that Hedges, Wells, and the Defaulting Defendant systematically defrauded Medicare by repeatedly and knowingly causing the submission of false claims and the creation of false statements or records at Defendant Superior Healthcare. [Id. at ¶ 28]. Specifically, the false claims, statements, and records created and presented for payment by Medical Fusion, Hedges, and Wells included: (1) improper billing under the National Provider Identification ("NPI") numbers of medical practitioners who were rarely onsite; or who in certain instances were not even employed by Superior Healthcare at times that said services were billed under their NPI numbers; and (2) improper billing under Modifier-25. [Id. at ¶ 30]. There was a longstanding pattern and practice of knowing, intentional Medicare fraud committed by Hedges, Wells, and their management companies, one of which is Defaulting Defendant Medical Fusion. [Id. at ¶ 31].

Hedges and Wells recruited a local physician, Dr. Zickerman ("Zickerman"), to serve as the medical director of a new integrated practice, Defendant Superior Healthcare, and seized control of Superior Healthcare's

4

billing through the use of the Defaulting Defendant. [Id. ¶¶ 70-72]. Although Zickerman was rarely present at Superior Healthcare, the Defaulting Defendant repeatedly billed services provided by other providers to Medicare under Zickerman's NPI and continued to bill as such even after Zickerman resigned from Superior Healthcare. [Id. at 74-75].

After his resignation, Zickerman was replaced by Dr. Giovanni Libre, who, through Defendant Superior Healthcare, applied for the insurance policy in dispute. [Id. at ¶ 12]. In that application, dated December 3, 2016, Defendant Superior Healthcare made one or more materially false representations regarding whether it had been audited or investigated with regard to Medicare billing practices or utilization of Medicare services, and whether it had been aware of any facts, circumstances, situations, events or incidents that could result in a regulatory action, regulatory investigation or demand for restitution. [Id. at ¶¶ 12-16]. Based on the representations made by Defendant Superior Healthcare, the Plaintiff issued the eMD®/MEDEFENSE® Plus Coverage, Certificate No. 492252, to Defendant Superior Healthcare with a policy period commencing on January 11, 2017, and concluding on January 11, 2018. [Id. at ¶ 18].

The events and conduct alleged by the Government against Defendant Superior Healthcare occurred prior to the application for insurance on

December 3, 2016, and prior to the commencement of the policy period on January 11, 2017.  [Id. at ¶ 80].

## IV.  DISCUSSION

### A.  Policy Coverage

"To determine whether the allegations in the case *sub judice* are within the coverage afforded, we examine the language of the policies." Harleysville Mut. Ins. Co. v. Buzz Off Insect Shield, L.L.C., 364 N.C. 1, 7, 692 S.E.2d 605, 611 (2010).  "Even though the insurer is bound by the policy to defend groundless, false or fraudulent lawsuits filed against the insured, if the facts are not even arguably covered by the policy, then the insurer has no duty to defend."  Waste Mgmt. of Carolinas, Inc. v. Peerless Ins. Co., 315 N.C. 688, 692, 340 S.E.2d 374, 378 (1986) (internal quotations omitted).

The Plaintiff argues that on the admitted facts, the Defaulting Defendant is not even arguably covered by the policy at issue.  Looking to the language of the policy itself, the policy was amended to include Medical Fusion as an "Additional Insured," but only while acting solely on behalf of, or at the direction of, the "Named Insured" (Defendant Superior Healthcare). [Doc. 1-1 at 43].  As alleged by the Government in the Intervention Complaint, the relationship between the Defaulting Defendant and the Named Insured was the inverse of what the policy contemplates for the

Defaulting Defendant to be qualified as an "Insured" or "Additional Insured"—i.e., the Defaulting Defendant was not acting "solely on behalf of, or at the direction of the Named Insured"; instead, Superior Healthcare was being operated "on behalf of" and "at the direction of" the Defaulting Defendant. [Doc. 1 at ¶ 93].

This knowing misconduct allegedly commenced prior to August 2016, as Zickerman had resigned by August 2016. When Zickerman was still working at Superior Healthcare, Hedges, Wells, and the Defaulting Defendant knew that Zickerman was rarely, if ever, physically present at Superior Healthcare and that Zickerman was not treating any patients there.

Based on these and a plethora of other similarly admitted facts, the Defaulting Defendant is not eligible for coverage under the policy, as it was not "acting solely on behalf of, or at the direction of, the Named Insured." The Plaintiff is therefore entitled to a declaration from the Court that, for purposes of responding to the allegations in the Intervention Complaint, the Defaulting Defendant was not an "Additional Insured" pursuant to the policy, and therefore it is not eligible for defense or indemnity under the policy.

B. **Validity of the Policy**

"Under North Carolina law, an insurer is not bound by an insurance policy if the insured made material misrepresentations in the application for

that policy." Evanston Ins. Co. v. G & T Fabricators, Inc., 740 F. Supp. 2d 731, 736 (E.D.N.C. 2010) (citing N.C. Gen. Stat. § 58-3-10; N. Nat'l Life Ins. Co. v. Lacy J. Miller Mach. Co., Inc., 311 N.C. 62, 70-71, 316 S.E.2d 256, 262 (1984)). Materiality in an application for insurance is defined by the Supreme Court of North Carolina as a representation where "the knowledge or ignorance of it would naturally influence the judgment of the insurer in making the contract, or in estimating the degree and character of the risk, or in fixing the rate of the premium." Goodwin v. Investors Life Ins. Co. of North America, 332 N.C. 326, 331, 419 S.E.2d 766, 769 (1992). Whether the material misrepresentation was intentional or not is irrelevant—the misrepresentation need only be false and material, not necessarily fraudulent. See In re McCrary, 112 N.C. App. 166-67, 435 S.E.2d 359, 364 (1993).

Consistent with North Carolina law, as alleged in the Complaint, the policy states:

> Any action or failure to act by the Named Insured with the intent to defraud the Underwriters, or the material misrepresentation or non-disclosure of any material fact or claims by the Named Insured in the application or in any supplemental materials submitted to the Underwriters, will render this Policy null and void, and all coverage hereunder shall be forfeited.

[Doc. 1 at ¶¶ 113-14]. By virtue of its default, the Defaulting Defendant admits that "[o]ne or more of the foregoing answers to the foregoing questions [in the insurance policy application] were materially false." [Id. at ¶ 112]. Further, the Defaulting Defendant admits that both the application form and provisions in the policy explicitly warned Superior Healthcare that all the information gathered in the application was material, were warranties, and therefore any material misrepresentations would result in the policy being null and void. [Id. at ¶¶ 17, 111-117].

For the foregoing reasons, the Plaintiff is entitled to judgment declaring that the policy is null and void and that the policy is rescinded as to the Defaulting Defendant.

## V. CONCLUSION

Based on the allegations of the Complaint, and the default entered by the Clerk, the Plaintiff is entitled to a declaratory judgment against the Defaulting Defendant.

## ORDER

Accordingly, **IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that the Plaintiff's Motion for Default Judgment [Doc. 48] is

**GRANTED**, and Default Judgment is hereby entered against Defendant Medical Fusion, LLC, as follows:

1. The facts set forth in the Government's Intervention Complaint at 5:16-CV-127-BO and duly admitted do not trigger a duty to defend or indemnify the Defaulting Defendant under the e-MD®/MEDEFENSE® Plus Coverage, Certificate No. 492252, issued by the Plaintiff; and

2. The policy is rescinded, null, and void *ab initio* as to the Defaulting Defendant Medical Fusion, LLC, based on the material misrepresentations made in the application therefor by Defendant Superior Healthcare Physical Medicine of Hendersonville, PC.

Further, there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is directed to enter this Default Judgment forthwith and without further notice.

**IT IS SO ORDERED.**

Signed: March 18, 2024

Martin Reidinger
Chief United States District Judge